**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MONIKA CARNEY, | ) | |
| on behalf of herself and a class, | ) | |
| | ) | |
| Plaintiff, | ) | Jury Demanded |
| | ) | |
| vs. | ) | |
| | ) | |
| FIRST CHOICE ASSETS LLC and | ) | |
| DNF ASSOCIATES, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT – INDIVIDUAL AND CLASS ACTION

## INTRODUCTION

Plaintiff Monika Carney brings this action to secure redress against unlawful collection practices engaged in by Defendants First Choice Assets LLC and DNF Associates, LLC. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

## VENUE AND JURISDICTION

1.      This Court has jurisdiction under 15 U.S.C. § 1692k (FDCPA), 28 U.S.C. § 1331 and 28 U.S.C. § 1337.

2.      Venue and personal jurisdiction in this District are proper because:

a.      Defendants' collection communications were received by Plaintiff within this District;

b.      Defendants do or transact business within this District.

**PARTIES**

3.     Plaintiff Monika Carney ("Plaintiff") is an individual who resides in the

Northern District of Illinois.

4.     Defendant, First Choice Assets LLC ("FCA") is a Limited Liability

Corporation engaged as a "debt collector" as defined by and within the meaning of the

FDCPA, § 1692a(6). FCA is a foreign LLC with its principal place of business in

Cheektowaga, New York.

5.     FCA does business in Illinois. Its registered agent and office is National

Registered Agents, Inc., Illinois Corporation Service Co., 208 South LaSalle St., Suite

814, Chicago, IL 60604. (Ex. A, Record from Illinois Secretary of State).

6.     FCA is engaged in the business of collecting debts in this State where it

regularly collects or attempts to collect defaulted consumer debts owed or due or asserted

to be owed or due another and whose principal purpose is the collection of defaulted

consumer debts by using the mails and telephone.

7.     Defendant DNF Associates, LLC ("DNF") is a purchaser of defaulted

consumer debts, which acts a debt collector as it regularly collects said debts after

purchase. DNF was or is engaged in the business of acquiring, or claiming to acquire,

charged off consumer debts and collecting them thereafter.

8.     DNF is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6)

because it regularly uses the courts, mails and/or the telephone to collect, or attempt to

collect, directly and/or indirectly, defaulted consumer accounts.

9.     DNF is a Limited Liability Corporation engaged as a "debt collector" as defined by and within the meaning of the FDCPA, § 1692a(6). FCA is a foreign LLC with its principal place of business in Cheektowaga, New York.

10.     DNF does business in Illinois. Its registered agent and office is National Registered Agents, Inc., Illinois Corporation Service Co., 208 South LaSalle St., Suite 814, Chicago, IL 60604. (Ex. B, Record from Illinois Secretary of State).

## FACTS

11.     Defendants have been attempting to collect from Plaintiff an alleged credit card debt originated with Nordstrom that she incurred on account number XXXXXXXXXXXX7104, for personal and household  purposes ("alleged debt"). The alleged debt is thus a "debt" as that term is defined by § 1692a(5) of the FDCPA.

12.     Due to her financial circumstances, Plaintiff could not pay the alleged debt, it went into default, and was charged-off by Nordstrom.

13.     Nordstrom, or a related entity, thereafter purportedly sold the alleged debt to DNF.

14.     The alleged debt was thereafter, according to FCA, assigned and transferred to FCA.

15.     DNF subsequently retained or hired FCA to collect the alleged debt from Plaintiff.

16.     Upon information and belief, FCA was at all times authorized to act on behalf of DNF to attempt to collect the alleged debt from Plaintiff.

17.     Upon information and belief, a written agreement was executed between DNF and FCA that governed the collection of the alleged debt from Plaintiff.

18.     Upon information and belief, the agreement executed between DNF and FCA that governed the collection of the alleged debt provided that DNF would be provided, for approval, a copy of each form letter that FCA would mail in connection with the collection of the debts that FCA would attempt to collect on behalf of DNF, and upon information and belief, DNF did approve the content and mailing of the form letter (attached as Exhibit C) to individuals from which FCA was attempting to collect a debt on behalf of DNF.

19.     On August 7, 2015, an agent or employee of FCA who identified herself as "Jennifer Heebner" contacted Plaintiff's work in connection with the collection of the alleged debt via telephone, and stated to an employee, that she was looking for Plaintiff.

20.     Defendant's employee and/or agent did not state, at any time during the pendency of the August 7, 2015 call, that she was calling to confirm location information for Plaintiff.

21.     On August 26, 2015,  an agent or employee of FCA who identified herself as "Jennifer Heebner" contacted Plaintiff via telephone to discuss the alleged debt.

22.      The August 26, 2015 conversation was a communication as that term is defined at § 1692a(2) of the FDCPA, and was the initial communication with Plaintiff with respect to the alleged debt.

23.     "Jennifer Heebner" thereafter repeatedly called Plaintiff's telephone and left messages for Plaintiff in connection with the collection of the alleged debt.

24.     For example, "Jennifer Heebner" left voice messages for Plaintiff on September 4, 2015, September 14, 2015, and September 15, 2015, each time without stating that she was a debt collector.

25.     On September 28, 2015, Plaintiff called "Jennifer Heebner" via telephone and a conversation ensued regarding the alleged debt, wherein Plaintiff asked whether FCA ever mailed her or otherwise provided a letter regarding the alleged debt it was trying to collect. In response, "Jennifer" told Plaintiff that it had not, but that it would fax her a letter regarding the debt.

26.     On September 29, 2015, Plaintiff received a facsimile ("Letter") that was sent by FCA on behalf of DNF. (Ex. C, Letter from Defendant).

27.     The Letter is a form letter.

28.     On September 29, 2015, Plaintiff also received a "Bill of Sale and Assignment" that was sent by FCA on behalf of DNF. (Ex. D, Bill of Sale and Assignment).

29.     The Letter states that the "Current Creditor" is "DNF Associates, LLC". (Ex. C, Letter from Defendant).

30.     The Letter also states that "This office has been assigned the above referenced debt and all your rights and obligations regarding the contract have been transferred to this office." (Ex. C, Letter from Defendant).

31.     Both statements cannot be correct, as there cannot be two creditors of the alleged debt.

32.     The Letter states that the "Total Balance w/interest" is $11,139.42.  (Ex. C, Letter from Defendant).

33.     Neither FCA nor DNF is legally allowed to impose interest.

34.     There is no contract in existence which would allow FCA or DNF to charge Plaintiff interest on the alleged debt.

35.     The Letter is a form letter that was mailed to at least 40 individuals by

FCA, t the direction of DNF.

36.     The Letter contained a "Notice of Debt" as required by section 1692g of

the FDCPA.

37.     The "Notice of Debt" states:

**Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office within 30 days of receiving this notice, this office will obtain verification of the debt, or obtain a copy of a judgment, and mail you a copy of such judgment or verification. If you request this office within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.**

38.     Defendants violated 15 U.S.C § 1692g(a)(4) of the FDCPA by providing

the specific "Notice of Debt" referenced above.

39.      Section 1692g provides:

**§ 1692g. Validation of debts**
**(a) Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--**
**(1) the amount of the debt;**
**(2) the name of the creditor to whom the debt is owed;**
**(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**
**(4) <u>a statement that if the consumer notifies the debt collector in</u> <u>*writing* within the thirty-day period that the debt, or any portion</u> <u>thereof, is disputed, the debt collector will obtain verification of the debt</u> <u>or a copy of a judgment against the consumer and a copy of such</u> <u>verification or judgment will be mailed to the consumer by the debt</u> <u>collector; and</u>**
**(5) <u>a statement that, upon the consumer's *written* request within the</u> <u>thirty-day period, the debt collector will provide the consumer with the</u> <u>name and address of the original creditor, if different from the current</u> <u>creditor.</u>**
**(b) Disputed debts. If the consumer notifies the debt collector in writing within**

**the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.**
**(c) Admission of liability. The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.**
**(d) Legal pleadings. A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a).**
**(e) Notice provisions. The sending or delivery of any form or notice which does not relate to the collection of a debt and is expressly required by the Internal Revenue Code of 1986 [26 USCS §§ 1 et seq.], title V of Gramm-Leach-Bliley Act [15 USCS §§ 6801 et seq.], or any provision of Federal or State law relating to notice of data security breach or privacy, or any regulation prescribed under any such provision of law, shall not be treated as an initial communication in connection with debt collection for purposes of this section.**

15 U.S.C. §1692g, emphasis added

40.     By providing a "Notice of Debt" that does not indicate that a dispute has to be made *in writing* within 30 days of the receipt of the Letter in order for the consumer to obtain verification of the debt, the Notice violates 15 U.S.C § 1692g(a)(4).

41.     By providing a "Notice of Debt" that does not indicate that a request for the name of the original creditor has to be made *in writing* within 30 days of the receipt of the Letter in order for the dent collector to provide the name of the original creditor, if different from the current creditor, the Notice violates 15 U.S.C § 1692g(a)(5).

42.     Specifically, the "Notice of Debt" contained in the Letter violates 15 U.S.C. § 1692g(a)(4) as it communicates that <u>any</u> timely notification—oral or written— to FCA would require FCA to verify the disputed debt. However, only a *written* notification to FCA would require it to cease collection of the debt, or any disputed portion thereof, until it obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer. 15 U.S.C § 1692g(b). (See <u>McCabe v. Crawford & Co.</u>, 272 F. Supp. 2d 736 (N.D. Ill. 2003)).

43.     Similarly, the "Notice of Debt" contained in the Letter violates 15 U.S.C. § 1692g(a)(5) as it communicates that <u>any</u> timely notification to FCA—oral or written— would require FCA to provide the name of the original creditor if different from the current creditor. However, only a *written* notification to FCA would require it to do so. 15 U.S.C § 1692g(a)(5). (See <u>McCabe v. Crawford & Co.</u>, 272 F. Supp. 2d 736 (N.D. Ill. 2003)).

44.     Thus, the "Notice of Debt" in the attached Letter could induce a purported debtor to orally dispute a debt via telephone, and lose verification rights in so doing. (See <u>McCabe v. Crawford & Co.</u>, 272 F. Supp. 2d 736 (N.D. Ill. 2003)).

45.     The "Notice of Debt" was provided to Plaintiff on September 29, 2015, which was more than 5 days from the initial communication with Plaintiff regarding the alleged debt, which initial communication was made on August 26, 2015.

46.     By providing the "Notice of Debt" more than 5 days from the initial communication with Plaintiff regarding the alleged debt, Defendants violated 15 U.S.C. § 1692g(a).

47.     Further, the "Notice of Debt" also violates 15 U.S.C. §§1692e and 1692 e(10) as being a deceptive means to collect a debt.

48.     The "Notice of Debt" is overshadowed by the statement, in the Letter, that FCA will without further notice "declare the entire balance due with interest and proceed accordingly", as the "Notice of Debt" states that FCA will only assume the debt is valid after 30 days from receipt of the notice.  (Ex. C, Letter from Defendant).

49.     DNF authorized, directed, and ratified the content in the letter mailed to Plaintiff by FCA, and is liable for the acts and omissions of FCA, committed in connection with efforts to collect the alleged debt from Plaintiff.  (See *Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507 (9th Cir. 1994); *Pollice v. National Tax Funding, L.P.*, 225 F.3d 379 (3rd Cir. 2000)).

50.     Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard.  *See, Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I—FDCPA—VIOLATIONS ALLEGED—FCA and DNF

51.     Plaintiff re-alleges the foregoing paragraphs.

52.     Defendants violated 15 U.S.C. §§ 1692e, 1692e(10), 1692f, and 1692g of the FDCPA by providing a "Notice of Debt" that i) does not indicate that a dispute has to be made *in writing* within 30 days of the receipt of the Letter in order for the consumer to obtain verification of the debt, and ii) does not indicate that a request for the identity of the original creditor, if different from the current creditor, must be *in writing*.

## CLASS ALLEGATIONS

53.     Plaintiff re-alleges the foregoing paragraphs.

54.     Plaintiff brings this action individually and as a class action. The class consists of (a) all individuals (b) with addresses in Illinois, (c) to whom Defendant FCA mailed a letter with the "Notice of Debt" in the form of that contained in Exhibit C (d) which letter was sent during the period beginning one year prior to the filing of this action and ending 21 days after the filing of this action.

55.     The members of the class are so numerous that joinder of all is not practicable.

56.     Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

57.     The Class consists of more than 40 persons from whom Defendants attempted to collect delinquent consumer debts, by mailing the type of Letter that was mailed to Plaintiff.

58.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

59.     Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof.

60.     Plaintiff has retained counsel experienced in class action litigation including class actions brought under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and the class defined above, and against Defendants, for:

(1)     Statutory damages;

(2)     Attorney's fees, litigation expenses and costs of suit;

(3)     Such other and further relief as the Court deems proper.


## COUNT II—FDCPA—VIOLATIONS ALLEGED—FCA and DNF

61.     Plaintiff re-alleges paragraphs 1-50.

62.     Defendants violated 15 U.S.C. §§ 1692e, 1692e(2), 1692e(10), and 1692g(a) of the FDCPA by providing a "Notice of Debt" that does not communicate the name of the creditor to which the debt is owed,  as both DNF and FCA are identified as the owners of the alleged debt.

## CLASS ALLEGATIONS

63.     Plaintiff re-alleges the foregoing paragraphs.

64.     Plaintiff brings this action individually and as a class action. The class consists of (a) all individuals (b) with addresses in Illinois, (c) to whom Defendant FCA

mailed a letter with the "Notice of Debt" in the form of that contained in Exhibit C (d) which letter was sent during the period beginning one year prior to the filing of this action and ending 21 days after the filing of this action.

65.     The members of the class are so numerous that joinder of all is not practicable.

66.     Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

67.     The Class consists of more than 40 persons from whom Defendants attempted to collect delinquent consumer debts, by mailing the type of Letter that was mailed to Plaintiff.

68.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

69.     Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require

extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof.

70.     Plaintiff has retained counsel experienced in class action litigation including class actions brought under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and the class defined above, and against Defendants, for:

(1)     Statutory damages;

(2)     Attorney's fees, litigation expenses and costs of suit;

(3)     Such other and further relief as the Court deems proper.

## COUNT III—FDCPA—VIOLATIONS ALLEGED—FCA and DNF—INDIVIDUAL CLAIM

71.     Plaintiff re-alleges paragraphs 1-50.

72.     FCA violated 15 U.S.C. §1692b by failing to state, to a third party it communicated with in connection with the collection of the alleged debt, that it was calling to confirm or correct location information about Plaintiff.

73.     FCA violated 15 U.S.C. §§ 1692e(11) by failing to identify itself as a debt collector in voicemails left on Plaintiff's telephone.

74.     FCA and DNF violated 15 U.S.C. § 1692e(2) by threatening to collect interest, which falsely represents that interest can be imposed.

75.     FCA and DNF violated 15 U.S.C. § 1692e(2) by falsely stating that DNF is the current creditor, when by the very terms of the Bill of Sale and Assignment, it is not.

76.     FCA and DNF violated 15 U.S.C. § 1692e(5) by threatening to collect interest, as interest cannot legally be imposed.

77.    FCA and DNF violated 15 U.S.C. § 1692f(1) by collecting interest when the collection of interest is neither authorized by law nor by agreement.

78.    FCA and DNF violated 15 U.S.C. § 1692f by collecting the alleged debt, as the collection of said debt is neither authorized by law nor by agreement.

79.    FCA and DNF violated 15 U.S.C. §§ 1692e and 1692f by implicitly threatening that DNF and FCA would have a remedy (such as filing suit) and "proceed accordingly" if Plaintiff does not pay the alleged debt "voluntarily", when in fact there is no action, other than mailing letters and making phone calls, that Defendants may legally take to collect the alleged debt.

80.    FCA and DNF violated 15 U.S.C. §§ 1692e and 1692f by threatening that they will "without further notice declare the entire balance due with interest and proceed accordingly" when in fact it would have to wait for 30 days from the date of Plaintiff's receipt of the Notice of Debt before doing so.

81.    FCA and DNF violated 15 U.S.C. §1692g by failing to send a "Notice of Debt" within 5 days of the initial communication with Plaintiff that was made in connection with the collection of the alleged debt.

82.    Plaintiff suffered emotional distress, including anxiety, nervousness, worry and fear, as the result of Defendant's actions, as she does not owe Defendants the money they sought to collect.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and against Defendants, for:

(1)    Statutory damages;

(2)    Actual damages;

(3)     Attorney's fees, litigation expenses and costs of suit;

(4)     Such other and further relief as the Court deems proper.

By: /s/ Mario Kris Kasalo
Mario Kris Kasalo

Mario Kris Kasalo
THE LAW OFFICE OF M. KRIS KASALO, LTD.
20 North Clark Street, Suite 3100
Chicago, IL 60602
(312) 726-6160 (TELE)
(312) 698-5054 (FAX)
Mario.kasalo@kasalolaw.com

## JURY DEMAND

Plaintiff, on behalf of a class, demands a trial by jury.

By: /s/ Mario Kris Kasalo
Mario Kris Kasalo

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that each defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

By: /s/ Mario Kris Kasalo
Mario Kris Kasalo


## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

By: /s/ Mario Kris Kasalo
Mario Kris Kasalo